# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-09571-RGK | Date | August 12, 2019 |
|---|---|---|---|
| Title | *In re Val James Simon and Katherine Lois Simon* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Appeal from the Order of the Bankruptcy Court Sustaining an Objection to Appellants' Exceptions

## I. INTRODUCTION

Debtors Val James Simon ("Val Simon") and Katherine Lois Simon ("Katherine Simon") (collectively, "Debtors" or "Appellants") filed for chapter 7 bankruptcy on December 26, 2017. In the same proceeding, Debtors claimed an exemption in the proceeds from a petition settlement ("Exemption"). Creditor Jamie Taylor ("Taylor") objected to the Exemption ("Objection"). The bankruptcy court sustained Taylor's Objection.

Debtors now appeal the bankruptcy court's Order Sustaining Objection to Exemption ("Order").

For the following reasons, the Court **AFFIRMS** the bankruptcy court's Order.

## II. JURISDICTIONAL BASIS

The Court has jurisdiction over this Appeal pursuant to 28 U.S.C. § 158(a).

## III. FACTUAL BACKGROUND

Val Simon states that he is 58 years old and has been disabled from various injuries resulting from rheumatoid arthritis since 1986. On September 4, 2014, Val Simon was in car accident that resulted in a personal injury settlement ("Settlement"). After the car accident, Debtors declare that Val Simon's existing knee issues worsened, resulting in several knee surgeries and infections. Today, "Val has essentially had no left knee." He uses a wheelchair for mobility.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09571-RGK | Date | August 12, 2019 |
|---|---|---|---|
| Title | *In re Val James Simon and Katherine Lois Simon* | | |

Debtors assert that Val Simon's only source of income for many years has been his social security payments. Meanwhile, although his wife Katherine Simon works outside the home, she declares that her earnings are diminished because of the time she spends caring for her husband at home.

After filing their chapter 7 petition in bankruptcy court, Debtors claimed an Exemption for the proceeds Settlement based on California Code of Civil Procedure 704.140. Debtors value the Settlement as $80,000, with a "net settlement to the estate/debtors of $37,514.37 after payment of attorney's fees and medical liens." Debtors filed schedules outlining their sources of income for the prior three years, which has been "zero other than Social Security." (Appellants' Appx. 263, ECF No. 8-2.)

Taylor filed his first objection to the Exemption on March 2, 2018. The bankruptcy court held a hearing on May 29, 2018. Taylor raised two concerns: (1) he questioned whether the amount of the Settlement was accurately disclosed by Debtors; and (2) he questioned whether Debtors had demonstrated that the Settlement proceeds were necessary for their support. At the hearing, Debtors presented a declaration from Katherine Simon ("Katherine Simon Declaration"), which the bankruptcy court discussed in more detail in a later hearing. The Court discusses the bankruptcy court's contentions with the Katherine Simon Declaration below. After the May 29, 2018 hearing, the bankruptcy court opened discovery and continued the hearing date.

Taylor propounded discovery focusing on whether Debtors obtained additional outside income from the repair of vehicles or the sale of parts. Taylor argues that Debtors' responses were "limited and repetitive," and "did not include the production of any documents." Debtors' discovery responses stated that "documents will be forthcoming," but the additional documents were not served until the Opposition to the supplemental motion. These documents were untimely. For example, Taylor requested documentation supporting Val Simon's contention that he did not earn income between 2015 and 2017, or documents regarding work for which Val Simon did receive compensation. Taylor had discovered information leading him to question whether Val Simon obtained compensation from another individual for repairing his vehicle, and Taylor's discovery requests gave Debtors an opportunity to explain or show that this additional compensation was rightfully excluded from their prior disclosures. In the alternative, Debtors had the opportunity to show that Taylor's assumptions about their unreported income were unfounded.

Debtors responded that although the documents were admittedly late, they did not produce supplemental documents identifying additional sources of income because they had none. And Debtors' discovery responses addressed Taylor's questions, so Taylor or his attorney ("Mr. Jones") could not have been surprised by the information. Debtors stated that Val Simon's income for the prior three years was "zero." Furthermore, Val Simon's Declaration explained his disability, his medical costs, his necessary home and vehicle improvements, and why his income was insufficient to cover those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09571-RGK | Date | August 12, 2019 |
|---|---|---|---|
| Title | *In re Val James Simon and Katherine Lois Simon* | | |

expenditures. Katherine Simon's Declaration, presented at the May 2018 hearing, also outlined these facts.

Both parties filed supplemental briefing in September of 2018. In support of the Exemption, the Debtors filed an Opposition ("Debtors' Opposition") and a declaration from Val Simon ("Val Simon Declaration"). Several supporting documents were produced late. In his Exemption Objection, Taylor filed evidence of internet postings and emails between Val Simon and other individuals indicating that Val Simon repaired trucks in 2016 for money, then instructed a customer to remit payment to Val Simon's son, because Simon himself could not "show anything in [his] name," as he "may have to file Bankruptcy." Val Simon did not report any income from truck repairs in his Exemption filings or his bankruptcy filings.

On October 23, 2018, the Court conducted a final hearing on Taylor's Exemption Objection. At the hearing, Taylor's attorney, Mr. Jones, argued that because the Debtors produced several supplemental documents late, he was unable to adequately prepare and was unprepared to address Debtors' live testimony. He also argued that Val Simon's Declaration, which spoke to his limited income at "the present time," did not clearly state whether it applied to past or future income: as a result, it did not foreclose the possibility that Debtors had earned additional, unnamed sources of income in prior months. The bankruptcy court excluded the late-produced documents and found that their admission would be prejudicial.

Debtors' attorney argued that even without the excluded documents, Debtors had met their burden to show that the Exemption was necessary. In support, Debtors proffered the Katherine Simon Declaration and the Val Simon Declaration. Debtors also offered for Val Simon to testify, but Taylor's attorney objected. The bankruptcy court did not permit Val Simon to take the stand, however, noting that a local bankruptcy rule required two days' prior notice before the court could conduct a live evidentiary hearing.

The bankruptcy court also examined the evidence presented in support of the Debtors' Exemption. After reviewing the Katherine Simon Declaration, the bankruptcy court found that it lacked foundation ("other than the fact that she's Mr. Simon's spouse") and raised credibility concerns. For example, the bankruptcy court wondered aloud "why we had Mrs. Simon declaring as to Mr. Simon's health issues." Debtors' attorney responded that Katherine Simon is a registered nurse, so as her husband's "home nurse," she "has some foundation to testify as to his health." And because she is married to Val Simon, he argued, Katherine Simon is able to testify about their income. Finally, on the day that the Katherine Simon Declaration was filed, Val Simon was having surgery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09571-RGK | Date | August 12, 2019 |
|---|---|---|---|
| Title | *In re Val James Simon and Katherine Lois Simon* | | |

The bankruptcy court then turned to the Val Simon Declaration. The court noted that the declaration set forth evidence of Val Simon's medical troubles, and asked Taylor to explain why the declaration was insufficient to "prove up the claim of exemption." Taylor's attorney responded that he did not question whether or not Val Simon was disabled, but whether Val Simon generated additional unreported income from selling or repairing trucks, as some emails produced in discovery indicated. And because Debtors failed to produce supplemental documents as promised, Taylor speculated that Val Simon's income was supplemented such that that he would not need the Settlement proceeds for support. At the very least, Taylor argued that Debtors had not met their burden of proof.

In his Declaration, Val Simon stated: "My only income is approximately 1,100 dollars per month from Social Security disability." But the bankruptcy court noted that this sentence spoke only of his monthly social security income "as of the day it was executed, September 30th, 2018." Val Simon did not specify that he *did not* receive one-time payments from other sources before or after the month of September. And had he received an income in July from truck repairs, for example, it would not necessarily contradict his declaration. In response, Debtors' attorney asked the court to take judicial notice of the fact that Val Simon is in a wheelchair.

The bankruptcy court, after weighing the evidence presented and hearing the arguments of both sides, concluded:

> The Court sustains Jamie Taylor's objection. I think this is a case where Mr. Jones really was ambushed here and deprived of the opportunity to take evidence through discovery. And looking at – excluding the documents on the grounds that they weren't produced in discovery and looking at the four corners of Mr. Simon's declaration, I just don't see that he's proven up the fact that his income was only 1,100 dollars per month from Social Security for all periods that are relevant.

The bankruptcy court ultimately ruled as follows:

> Having heard the argument, again, and noting that it's the debtors who are claiming the exemption who have the burden of proof here, given the documents that the Court has excluded from evidence and given the problems with Mrs. Simon's original declaration as filed in connection with the May 29th hearing, and given the lack of specificity with respect to Mr. Simon's more recent declaration as to the income he's earned, and based upon the arguments made by Mr. Jones, for all those reasons, the court finds that the debtor have not – have failed to meet their burden of proof here. And on that basis, the Court grants the motion, sustains the objection, and disallows the exemption.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-09571-RGK | Date | August 12, 2019 |
|---|---|---|---|
| Title | *In re Val James Simon and Katherine Lois Simon* | | |

### IV. QUESTIONS PRESENTED

1. Whether the bankruptcy court made insufficient factual findings before issuing its final Order.

2. Whether the bankruptcy court erred in denying the Exemption.

3. Whether the bankruptcy court violated the Debtors' due process rights by refusing to allow the live testimony during the Debtors' Exemption hearing.

### V. STANDARD OF REVIEW

The district court reviews a bankruptcy court's conclusions of law de novo and reviews its factual findings for clear error. *Nichols v. Birdsell*, 491 F.3d 987, 989 (9th Cir. 2007). The bankruptcy court's factual findings regarding a determination of an exemption claim are reviewed under the "clearly erroneous" standard. *Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 16 (B.A.P. 9th Cir. 2003).

A court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *In re Clinton*, 449 B.R. 79, 84 (B.A.P. 9th Cir. 2011) (citing *Zurich Am. In s. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 939–40 (9th Cir. 2007)). "To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court 'identified the correct legal rule to apply to the relief requested' and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible or 'without support in inferences that may be drawn from the facts in the record.'" *In re Ellsworth*, 455 B.R. 904, 914 (B.A.P. 9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1261–62 & n. 21 (9th Cir. 2009) (en banc)); *see also USAA Fed. Sav. Bank v. Thacker (In re Taylor)*, 599 F.3d 880, 887–88 (9th Cir. 2010).

### VI. DISCUSSION

Here, the Court finds that the bankruptcy court made sufficient factual and evidentiary findings to support its final Order. As outlined above, the bankruptcy court made several findings on the record after weighing the admissible evidence, holding an oral argument, and allowing both sides the opportunity to conduct discovery. The bankruptcy court also allowed Debtors more than one chance to prove that they were entitled to the Exemption. Ultimately, Debtors failed to do so.

The bankruptcy court also did not err when determining that Debtors failed to prove their entitlement to an Exemption. The applicable law is not in dispute. Debtors claimed an Exemption under California Code of Civil Procedure 704.140, which provides that "an award of damages or a settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09571-RGK | Date | August 12, 2019 |
|---|---|---|---|
| Title | *In re Val James Simon and Katherine Lois Simon* | | |

arising out of a personal injury is exempt to the extent necessary for the support of the judgment debtor and the spouse and dependents of the judgment debtor." Cal. Code Civ. P. 704.014(b).

"Generally, a debtor's claimed exemption is presumptively valid, and the party objecting to a debtor's exemption has the burden of proving that the exemption is proper" under Federal Rule of Bankruptcy Procedure 4003(c). *In re Diaz*, 547 B.R. 329, 336 (B.A.P. 9th Cir. 2016). But "[w]here a state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation." *Id.* at 337. California law places the burden of proof on "the party claiming the exemption." *Id.*

As discussed, Debtors do not disagree that they held the burden of proof. Debtors instead challenge the bankruptcy court's factual finding that Debtors failed to demonstrate that the Settlement proceeds were necessary for Debtors' support. *See Gose v. McGranaham (In re Grose)*, 308 B.R. 41, 49 (B.A.P. 9th Cir. 2004). But based on the record, the Court finds that the bankruptcy court's factual findings are not clearly erroneous. There was ample support for the bankruptcy court to find that Debtors failed to meet their burden, as outlined above.

Moreover, the bankruptcy court did not abuse its discretion when it denied Debtors' request to present live testimony without notice. *See In re Slatkin*, 525 F.3d 805, 811 (9th Cir. 2008) (finding that an appellate court reviews a bankruptcy court's evidentiary rulings for an abuse of discretion). First, the bankruptcy court applied the correct legal rule. Pursuant to the Local Rules of the Bankruptcy Court of the Central District of California ("Bankruptcy Local Rules") 9013-1(i), when the bankruptcy court intends to take oral testimony at a hearing, it must give the parties two days' notice of its intention. C.D. Cal. Bankr. L.R. 9013-1(i). Second, the bankruptcy court's finding that it would be prejudicial to allow Debtors to present live testimony without giving Taylor the requisite notice or an opportunity to prepare was not illogical, implausible, or without support from the record. Moreover, it was not necessary for the court to continue the matter further to allow the testimony at a future hearing. Debtors had been given months to present evidence at two separate hearings showing that the Settlement proceeds were necessary, and they failed to do so. As a result, the bankruptcy court did not abuse its discretion by prohibiting live testimony on the day of the hearing, nor did it violate Debtors' due process rights.

Debtors raise one final argument on appeal: that the bankruptcy court erred in finding that Taylor would be prejudiced by the consideration of untimely documents. But this argument lacks merit. A court has discretion to apply the rules of evidence and to prohibit the inclusion of documents that were not timely produced, and Debtors acknowledged both at the bankruptcy hearing and in this appeal that the documents were not timely. The bankruptcy court had sufficient reason to deny Debtors' request for an Exemption regardless of whether the untimely documents were considered.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09571-RGK | Date | August 12, 2019 |
|---|---|---|---|
| Title | *In re Val James Simon and Katherine Lois Simon* | | |

Accordingly, the Court affirms the bankruptcy court's Order Sustaining Taylor's Objection to the Exemption.

## VII. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the bankruptcy court's Order.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____